Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
AUGUST IMAGE, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, | Civil Action No. 2:25-cv-00375 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| FRIDAY BEERS LLC, | |
| Defendant. | |

    Plaintiff August Image, LLC ("Plaintiff") sues defendant Friday Beers LLC ("Defendant"), and alleges as follows:

## THE PARTIES

    1.    Plaintiff is a limited liability company organized and existing under

the laws of the State of New York with its principal place of business located in New York, NY.

2.     Defendant is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 1350 Abott Kinney, #203, Venice, CA 90291. Defendant's agent for service of process is Jack Barrett, 1350 Abbot Kinney, #203, Venice, CA 90291.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

## FACTS

### I.    Plaintiff's Business

6.    From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7.    Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8.    Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

### II.    The Work at Issue in this Lawsuit

9.    Alexi Lubomirski, Art Streiber, Andrew Eccles, Carlos Serrao, Martin Schoeller, and Mark Seliger are some of the many renowned photographers represented by Plaintiff.

10.    Alexi Lubomirski is one of the world's leading fashion and celebrity

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

portrait photographers, and a favorite of acclaimed Hollywood actors, musicians, and British royalty. He was honored to have been the official photographer of the 2017 engagement and 2018 wedding of Prince Harry and Meghan Markle.  Based in New York, Lubomirski has also shot portraits of Beyoncé, Gwyneth Paltrow, Jennifer Aniston, Margot Robbie, Julia Roberts, Brad Pitt and Leonardo DiCaprio. He was the official photographer of the 2019 Golden Globes and has photographed for leading global publications and brands, including *Harper's Bazaar*, *Vogue*, *Elle*, *GQ*, *Esquire*, *Dior*, *H&M*, *Ralph Lauren* and *Lancome*. (see https://www.augustimage.com/Package/2UHIJQ8V6LFH).

11.    Art Streiber, a Los Angeles based photographer, is a director specializing in reportage, portraiture, corporate, entertainment, and advertising projects. Mr. Streiber's editorial and entertainment clients include *Vanity Fair, Entertainment Weekly, Wired, Fortune*, ESPN, *GQ*, ABC, CBS, NBC, HBO, A&E, CNN, MSNBC, Paramount, Sony Pictures, DreamWorks, Warner Brothers Studios, Columbia-TriStar, and Universal Studios, to name a few. Over the past 15 years, Mr. Streiber's photography has been selected for annual competitions of PDN, Communication Arts, and American Photography. His work can be viewed on his professional website (at http://www.artstreiber.com/).

12.    Andrew Eccles honed in on the field of photography after completing three years at The Ontario College of Art, and landing an apprenticeship with

Annie Leibovitz in New York. Mr. Eccles has worked with countless celebrities, models, musicians, and dancers throughout his professional career, with much of his work appearing on magazine covers worldwide. Andrew is also the recipient of awards from the Society of Publication Designers and Communication Arts and was even named as One of the 100 Most Important People in the Industry in 1998 by the American Photography Magazine. Mr. Eccles' work can be viewed on his professional website (at https://www.andreweccles.com/).

13.     Carlos Serrao, a Miami native and Los Angeles based photographer, originated his career by documenting the local skateboarding scene in Florida. His astonishing style and distinctive approach to crafting sports portraits and imagery has caught the imagination of respected editors and art directors. 14 years later, he is one of the most internationally esteemed photographers working today and has photographed some of the world's most recognized celebrities including Michael Jordan, Dwayne Johnson, Roger Federer, Michael Phelps, Jack Nicholson, Cristiano Ronaldo, and Serena and Venus Williams.  Mr. Serrao's work can be viewed on his professional website (at https://www.carlosserrao.com/).

14.     Martin Schoeller is a distinguished contemporary portrait photographer most known for his extreme close-up photographs. After studying

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

photography at the Lette Verein, he moved to New York in the 1990s and initiated his career. Mr. Schoeller's work soon gained respect for its robust visual impact and has contributed for over two decades to publications including *The New Yorker*, *TIME, Rolling Stone, Vanity Fair, National Geographic*, among others. He has won several accolades, markedly receiving acclaim for his Colin Kaepernick photograph in Nike's "Just Do It" campaign. Mr. Schoeller's work can be viewed on his professional website (at https://martinschoeller.com/).

15.    Mark Seliger became the Chief Photographer for Rolling Stone between the years 1992-2002, where he shot over 175 covers. Most of his work can be seen in *Vanity Fair, Italian Vogue, Harper's Bazaar, Elle* and other magazines. He also does advertising work for Adidas, Anheuser-Busch, Levi's, McDonald's, Netflix, Ralph Lauren, Ray-Ban and more. He is the recipient of many esteemed awards like Alfred Eisenstaedt Award, Lucie Award, Clio Grand Prix, Cannes Lions Grand Prix, The One Show, ASME, SPG, the Texas Medal of Arts Award, and has works exhibited in museums and galleries around the world, like the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

London. His work can be viewed on his professional website (at https://www.markseliger.com).

**A.    The First Photograph**

16.    In 2017, Mr. Lubomirski took a professional photograph of actor Margot Robbie titled "AU2307540" (the "First Photograph"). A copy of the First Photograph is displayed below:



17.    The First Photograph was registered by Mr. Lubomirski with the Register of Copyrights on March 25, 2022 and was assigned Registration No. VA 2-297-801. A true and correct copy of the Certificate of Registration pertaining to

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

the First Photograph is attached hereto as **Exhibit "A."**

18.    Mr. Lubomirski is the owner of the First Photograph and has remained the owner at all times material hereto.

**B.    *The Second Photograph***

19.    In 2014, Mr. Streiber took a professional photograph of athlete Frank Kaminsky titled "AU1606651" (the "Second Photograph"). A copy of the Second Photograph is displayed below:



20.    The Second Photograph was registered by Mr. Streiber with the Register of Copyrights on December 16, 2019 and was assigned Registration No. VA 2-190-187. A true and correct copy of the Certificate of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

21.    Mr. Streiber is the owner of the Second Photograph and has remained the owner at all times material hereto.

**C.    *The Third Photograph***

22.    In 2008, Mr. Eccles took a professional photograph of the Gossip Girl cast titled "AU1268327" (the "<u>Third Photograph</u>"). A copy of the Third Photograph is displayed below:



23.    The Third Photograph was registered by Mr. Eccles with the Register of Copyrights on May 23, 2024 and was assigned Registration No. VA 2-395-733. A true and correct copy of the Certificate of Registration pertaining to the Third

Photograph is attached hereto as **<u>Exhibit "C."</u>**

24.    Mr. Eccles is the owner of the Third Photograph and has remained the owner at all times material hereto.

### D.    *The Fourth Photograph*

25.    In 2007, Mr. Serrao took a professional photograph of actor Jack Nicholson titled "AU1367157" (the "<u>Fourth Photograph</u>"). A copy of the Fourth Photograph is displayed below:



26.    The Fourth Photograph was registered by Mr. Serrao with the Register of Copyrights on July 17, 2024 and was assigned Registration No. VA 2-404-834. A true and correct copy of the Certificate of Registration pertaining to the Fourth

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Photograph is attached hereto as **Exhibit "D."**

27.    Mr. Serrao is the owner of the Fourth Photograph and has remained the owner at all times material hereto.

### E.    The Fifth Photograph

28.    In 2009, Mr. Schoeller took a professional photograph of actor Steve Carrell titled "AU167820" (the "Fifth Photograph"). A copy of the Fifth Photograph is displayed below:



29.    The Fifth Photograph was registered by Mr. Schoeller with the Register of Copyrights on May 23, 2022 and was assigned Registration No. VA 2-303-455. A true and correct copy of the Certificate of Registration pertaining to

the Fifth Photograph is attached hereto as **Exhibit "E."**

30.    Mr. Schoeller is the owner of the Fifth Photograph and has remained the owner at all times material hereto.

### F.    *The Sixth Photograph*

31.    In 2004, Mr. Seliger took a professional photograph of actor Will Ferrell titled "AU2165850" (the "<u>Sixth Photograph</u>"). A copy of the Sixth Photograph is displayed below:



32.    The Sixth Photograph was registered by Mr. Seliger with the Register

of Copyrights on June 5, 2021 and was assigned Registration No. VA 2-255-946. A true and correct copy of the Certificate of Registration pertaining to the Sixth Photograph is attached hereto as **Exhibit "F."**

### G.    *The Seventh Photograph*

33.    In 2000, Mr. Seliger took a professional photograph of musician Britney Spears titled "AU2236193" (the "Seventh Photograph"). A copy of the Seventh Photograph is displayed below:



34.    The Seventh Photograph was registered by Mr. Seliger with the Register of Copyrights on February 3, 2021 and was assigned Registration No. VA 2-241-051. A true and correct copy of the Certificate of Registration pertaining to

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

the Seventh Photograph is attached hereto as **Exhibit "G."**

### H.    *The Eighth Photograph*

35.    In 1999, Mr. Seliger took a professional photograph of actor Jennifer Aniston titled "AU2163919" (the "Eighth Photograph"). A copy of the Eighth Photograph is displayed below:



36.    The Eighth Photograph was registered by Mr. Seliger with the Register of Copyrights on August 11, 2022 and was assigned Registration No. VA 2-317-256. A true and correct copy of the Certificate of Registration pertaining to the Eighth Photograph is attached hereto as **Exhibit "H."**

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

## I. The Ninth Photograph

37.    In 1996, Mr. Seliger took a professional photograph of actor Jennifer Aniston titled "AU2164520" (the "<u>Ninth Photograph</u>"). A copy of the Ninth Photograph is displayed below:



38.    The Ninth Photograph was registered by Mr. Seliger with the Register of Copyrights on April 19, 2023 and was assigned Registration No. VA 2-349-169. A true and correct copy of the Certificate of Registration pertaining to the Ninth Photograph is attached hereto as **<u>Exhibit "I."</u>**

### J.    The Tenth Photograph

39.    In 1996, Mr. Seliger took a professional photograph of actor Brad Pitt titled "AU2278404" (the "Tenth Photograph"). A copy of the Tenth Photograph is displayed below:



40.    The Tenth Photograph was registered by Mr. Seliger with the Register of Copyrights on August 11, 2022 and was assigned Registration No. VA 2-317-241. A true and correct copy of the Certificate of Registration pertaining to the Tenth Photograph is attached hereto as **Exhibit "J."**

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

41.    Mr. Seliger is the owner of the Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, and Tenth Photograph and has remained the owner at all times material hereto.

42.    The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, and Tenth Photograph are collectively referred to herein as the "Work."

43.    For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**II.    Defendant's Unlawful Activities**

44.    Defendant owns and operates a company that sells beer and apparel

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

in addition to over 21 brands through various media and news platforms that create comedic posts, sketches, and podcasts.

45.    Defendant advertises/markets its business through its website (https://www.fridaybeers.com/,    https://www.almostfriday.com/), social media (e.g.,    https://www.facebook.com/friday.beers.official/, https://www.facebook.com/almost.friday.official/, https://twitter.com/Friday_Beers,    https://twitter.com/almostfriday_, https://www.instagram.com/friday.beers/?hl=en,    and https://www.instagram.com/almost.friday/?hl=en), and other forms of advertising.

46.    On January 5, 2024 (after Mr. Lubomirski's above-referenced copyright registration of the First Photograph), Defendant displayed and/or published the First Photograph on its website, webpage, and/or social media (at https://www.instagram.com/p/C1uXxyqrMEl/):



47.    On October 13, 2023 (after Mr. Streiber's above-referenced copyright registration of the Second Photograph), Defendant displayed and/or published the Second Photograph on its website, webpage, and/or social media (at https://www.instagram.com/p/CyWKl3xxItI/?img_index=2):



48.    On July 14, 2023 (before Mr. Eccles' above-referenced copyright registration of the Third Photograph), Defendant displayed and/or published the Third Photograph on its website, webpage, and/or social media (at https://www.instagram.com/almost.friday/p/Curtu_9Lmcr/?img_index=4):



49.    On April 28, 2022 (before Mr. Serrao's above-referenced copyright registration of the Fourth Photograph), Defendant displayed and/or published the Fourth Photograph on its website, webpage, and/or social media (at https://www.instagram.com/p/Cc5hMJaqH2H/):

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228



50.    On May 1, 2023 (after Mr. Schoeller's above-referenced copyright registration of the Fifth Photograph), Defendant displayed and/or published the Fifth Photograph on its website, webpage, and/or social media (at https://www.instagram.com/p/Crs_xRiojum/):

51.    On July 4, 2024 (after Mr. Seliger's above-referenced copyright

registration of the Sixth Photograph), Defendant displayed and/or published the Sixth Photograph on its website, webpage, and/or social media (at https://www.instagram.com/p/C9A2I2vSytg/?img_index=1):



52. On July 4, 2024 (after Mr. Seliger's above-referenced copyright registration of the Seventh Photograph), Defendant displayed and/or published the Seventh Photograph on its website, webpage, and/or social media (at https://www.instagram.com/p/C9AVnOQpdL1/?hl=en&img_index=8):

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228



53.    On September 15, 2022 (after Mr. Seliger's above-referenced copyright registration of the Eighth Photograph), Defendant displayed and/or published the Eighth Photograph on its website, webpage, and/or social media (at https://www.facebook.com/friday.beers.official/photos/pb.100058058319616.-2207520000/638963457648526/?type=3):



54.     On March 3, 2021 (before Mr. Seliger's above-referenced copyright registration of the Ninth Photograph), Defendant displayed and/or published the Seventh   Ninth   on   its   website,   webpage,   and/or   social   media   (at https://www.instagram.com/p/CL-VeWIgRuw/):



55.     On April 12, 2024 (after Mr. Seliger's above-referenced copyright registration of the Tenth Photograph), Defendant displayed and/or published the Tenth   Ninth   on   its   website,   webpage,   and/or   social   media   (at https://www.facebook.com/photo/?fbid=820842583194345&set=pcb.820842679 861002):

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228



56.    A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "K."**

57.    Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media, or for any other purpose.

58.    Defendant utilized the Work for commercial use.

59.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

60.    Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the

First Photograph on January 30, 2024, the Second Photograph on April 7, 2024, the Third Photograph on May 10, 2024, the Fourth Photograph, Fifth Photograph, Eighth Photograph, Ninth Photograph, and Tenth Photograph on May 16, 2024, the Sixth Photograph on July 9, 2024, and the Seventh Photograph on July 16, 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

61. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (The Third Photograph, Fourth Photograph, and Ninth Photograph)

62. Plaintiff re-alleges and incorporates paragraphs 1 through 61 as set forth above.

63. The Third Photograph, Fourth Photograph, and Ninth Photograph are original works of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

64. Mr. Eccles owns a valid copyright in the Third Photograph, having registered such photograph with the Register of Copyrights.

65. Mr. Serrao owns a valid copyright in the Fourth Photograph, having registered such photograph with the Register of Copyrights.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

66.    Mr. Seliger owns a valid copyright in the Ninth Photograph, having registered such photograph with the Register of Copyrights.

67.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Third Photograph, Fourth Photograph, and Ninth Photograph by the subject photographer(s)).

68.    As a result of Plaintiff's reproduction, distribution, and public display of the Third Photograph, Fourth Photograph, and Ninth Photograph, Defendant had access to the Third Photograph, Fourth Photograph, and Ninth Photograph prior to its own reproduction, distribution, and public display of the Third Photograph, Fourth Photograph, and Ninth Photograph on its website, webpage, and/or social media.

69.    Defendant reproduced, distributed, and publicly displayed the Third Photograph, Fourth Photograph, and Ninth Photograph without authorization from Plaintiff.

70.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

71.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

72.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Third Photograph, Fourth Photograph, and Ninth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Third Photograph, Fourth Photograph, and Ninth Photograph which amounts shall be proven at trial.

73.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendant's conduct.

74.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Third Photograph, Fourth Photograph, and Ninth Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Third Photograph, Fourth Photograph, and Ninth Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

### COUNT II – COPYRIGHT INFRINGEMENT
**(The First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph)**

75.    Plaintiff re-alleges and incorporates paragraphs 1 through 61 as set forth above.

76.    The First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph are original works of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

*et seq.*).

77.    Mr. Lubomirski owns a valid copyright in the First Photograph, having registered such photograph with the Register of Copyrights.

78.    Mr. Streiber owns a valid copyright in the Second Photograph, having registered such photograph with the Register of Copyrights.

79.    Mr. Schoeller owns a valid copyright in the Fifth Photograph, having registered such photograph with the Register of Copyrights.

80.    Mr. Seliger owns a valid copyright in the Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph, having registered such photographs with the Register of Copyrights.

81.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph by the subject photographer(s)).

82.    As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph. Eighth Photograph, and Tenth Photograph, Defendant had

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

access to the First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph prior to its own reproduction, distribution, and public display of the First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph on its website, webpage, and/or social media.

83.    Defendant reproduced, distributed, and publicly displayed the First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph without authorization from Plaintiff.

84.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

85.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© Almost Friday Media, Inc. All rights reserved"), indicating that Defendant understands the importance of copyright protection/intellectual property rights. Defendant clearly understands that professional photography such as the Work is not generally available for free or that such can simply be copied from the internet.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

86.    Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph from its website, webpage, and/or social media, notwithstanding the communications sent to Defendant (via email) notifying it of the infringement and demanding that the Work be removed from Defendant's website, webpage, and/or social media. See, e.g., Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action – reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph are still published on Defendant's

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

website, webpage, and/or social media.

87.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

88.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph, which amounts shall be proven at trial.

89.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

90.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

91.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502,

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper; or at Plaintiff's election, an award of statutory damages for each of the First Photograph, Second Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and Tenth Photograph.

d.  Awarding Plaintiff its costs; and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise,

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.


DATED:      January 15, 2025.          **COPYCAT LEGAL PLLC**


By: /s/ Lauren M. Hausman
          Lauren M. Hausman, Esq.
          Attorney for Plaintiff
          August Image, LLC

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228